IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kalief Haynes, #314804, ) | Civil Action No. 2:09-1377-JFA-RSC |
| ) | |
| Petitioner, ) | |
| vs. ) | **ORDER** |
| ) | |
| Warden of McCormick Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court on pro se petitioner's *pro se* application for habeas corpus relief under 28 U.S.C. § 2254.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he recommends that habeas relief should be denied and the respondent's motion for summary judgment be granted.[2] The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and Recommendation, and he has done so within the time limits prescribed.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner did respond to the motion.

1

## I. STANDARDS OF LAW

### A. SUMMARY JUDGMENT

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255(1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed.R.Civ.P. 56(e).

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the

court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

## B. THE AEDPA AND 28 U.S.C. § 2254

Petitioner filed his timely petition on May 27, 2009. Therefore, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply to this case. *See* 28 U.S.C. § 2244(d)(1).

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254 (e)(1).

Section 2254 requires an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State. 28 U.S.C. §

3

2254(b)(1)-(A). The Fourth Circuit has held that in order to satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir.1997); *O'Sullivan v. Boerckel*, 526 U.S. 838, (1999).

The exhaustion requirement under § 2254 may still be satisfied where petitioner failed to squarely present the issue to the highest state court "if it is clear that the claim[s] would be procedurally defaulted if the petitioner attempted to raise [them] at this juncture." *George v. Angelone*, 100 F.3d 353, 363 (4th Cir.1996); *see also Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288, 298(1989); *Matthews*, 105 F.3d at 911.

However, "'[f]ederal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law or prove that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir.2008) quoting *McCarver v. Lee*, 221 F.3d 583, 588 (4th Cir.2000) (citing *Coleman*, 501 U.S. at 750).

BACKGROUND

The petitioner is incarcerated in the McCormick Correctional Institution of the South Carolina Department of Corrections. He pled guilty in State court to nine counts of Armed Robbery, eight counts of Kidnapping, and one count of Possession of a Weapon During the Commission of or the Attempt to Commit a Violent Crime. He was sentenced to twenty years, twenty years, and five years to each run concurrently. Petitioner did not file a direct

4

appeal of his conviction.

On November 6, 2006, petitioner filed an application for Post-Conviction Relief (PCR) alleging ineffective assistance of counsel, erroneous advice, and an involuntary guilty plea. Petitioner then amended his PCR to set forth only an ineffective assistance of counsel claim asserting his counsel was deficient in thirty-one instances. A hearing was held and the State PCR judge denied and dismissed the petition with prejudice on July 20, 2007.

Petitioner filed a Writ of Certiorari with the South Carolina Supreme Court on June 6, 2008. His sole claim was that his trial counsel led him to believe that he was pleading guilty to a ten-year sentence, thereby rendering his plea involuntary. The South Carolina Supreme Court denied his petition and the Remittitur was sent down on February 10, 2009.

## DISCUSSION

The present habeas petition was filed on May 26, 2009. Petitioner brings four Grounds for relief: (1) involuntary guilty plea because the trial judge did not advise him of elements of crime; (2) ineffective assistance of counsel for failing to challenge the validity of the indictments; (3) ineffective assistance of counsel for providing erroneous advice as to an alleged ten-year sentence; and (4) ineffective assistance of counsel for failing to adequately converse with petitioner.

The respondent asserts, and the Magistrate Judge agrees, that Ground 3 was exhausted in state court and is properly before this court for review. However, since petitioner did not present Grounds 1, 2, and 4 to the South Carolina Supreme Court for review, the South Carolina state courts would find them procedurally defaulted if petitioner attempted to raise them now. As such, these claims are procedurally barred in federal habeas corpus. *See, e.g.,*

*Coleman v. Thompson*, 501 U.S. 722 (1991); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).

The only way a habeas petitioner may excuse a procedurally defaulted issue is to show cause and prejudice. *Coleman* at 722; *U.S. v. Harris*, 183 F.3d 313, 317 (4th Cir. 1999) (holding that a petitioner who procedurally defaults on a claim by failing to raise it on review is barred from raising that claim under a federal habeas proceeding absent a showing of both cause for and actual prejudice from the default or actual innocence). As the Magistrate Judge correctly suggests, the petitioner has not demonstrated cause and prejudice or actual innocence to excuse the procedural defaults as to Grounds 1, 2, or 4. Accordingly, this court does not assess the merits of Claims 1, 2, and 4.

## PETITIONER'S OBJECTIONS TO R&R

Petitioner takes exception to the Magistrate Judge's conclusion that petitioner cannot show cause and prejudice for the procedural defaults. In his objections, petitioner continues his argument that the cumulative errors in his appeal are the result of the failures of his PCR attorney and the presiding judge. However, attorney ignorance or inadvertence does not qualify as "cause" to excuse a procedural default in state court. *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991). This court finds no basis to excuse petitioner's procedural default. The ineffectiveness or incompetence of counsel during federal or state collateral post-conviction proceedings shall not be a ground for relief in a federal habeas proceeding. *See* 28 U.S.C. 2254(i).

In his objections, petitioner next contends that a contradiction exists in the rules with regard to appointment of counsel. As the Magistrate Judge correctly notes, there is no

constitutional right to an attorney in state post-conviction proceedings. *Id*. at 722. However, the State of South Carolina, by *statute*, allows the appointment of counsel in PCR hearings under certain circumstances. S.C. Code Ann. § 17-27-60 (2003); Rule 71.1(d), SCRCP. In other words, a statutory appointment of counsel is not the same as a constitutional right to counsel. Therefore, there can be no right to effective assistance of counsel where there is no constitutional right to counsel. *Wainwright v. Torna*, 455 U.S. 586 (1982).

GROUND 3

The standard of review to be applied "is quite deferential to the rulings of the state courts. Pursuant to the standards set forth in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication: (1) 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' 28 U.S.C. § 2254(d)(1); or (2) 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' § 2254(d)(2)." *Burch v. Corcoran*, 273 F.3d 577, 583 (4th Cir. 2001).

The Supreme Court has explained that a State court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000), quoted in *Burch*. An unreasonable application is different from an incorrect application of federal law, the former being the requisite

7

showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. *Id.* Demonstrating that a state court's decision is unreasonable requires overcoming "a substantially higher threshold" than simply demonstrating error. *Schriro v. Landigran*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410)."When assessing the reasonableness of the state court's application of federal law, the federal courts are to review the result that the state court reached, not whether [its decision] [was] well reasoned." *Larry v. Branker*, 552 F.3d 356, 365 (4th Cir.2009) (citing *Wilson v. Ozmint*, 352 F.3d 847, 855 (4th Cir. 2003)).

In Ground 3, the petitioner claims ineffective assistance of counsel alleging that his attorney gave him erroneous advice regarding his potential sentence after his guilty plea. The petitioner claims that his attorney informed him that he and his co-defendants would each receive a ten-year sentence in exchange for their guilty pleas.

The State PCR Judge who heard this claim in state court ruled that the petitioner had not met his burden under *Strickland v. Washington*, 466 U.S. 668 (1984) to prove that counsel failed to render reasonably effective assistance under prevailing professional norms. The PCR judge found that while petitioner's counsel may have stated that petitioner could hope for a ten-year sentence, that was not a promise to receive a ten-year sentence. Counsel testified at the PCR hearing that he advised petitioner that the least amount of time he could receive was ten years because that was the mandatory minimum. Counsel also testified that he did not advise the petitioner that he was getting a specific sentence.

The PCR court also found that the testimony of petitioner was not credible, but that

his plea counsel's testimony was credible. Such credibility findings are entitled to deference. *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("But for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear.")

The Magistrate Judge opines that the PCR court's finding under *Strickland* is correct and the undersigned agrees. The PCR judge's findings of fact are well supported by the record and petitioner fails to show by clear and convincing evidence that the PCR court made an unreasonable determination of facts in addressing this claim. Further, the PCR court did not unreasonably apply federal law in addressing this claim. Therefore, Ground 3 is without merit.

## CONCLUSION

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, respondent's motion for summary judgment is granted and the habeas petition is denied.

IT IS SO ORDERED.

February 8, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge